

FILED

MAY 01 2026

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

|  |  |
|---|---|
| **NANCY LAUGHLIN**<br>Plaintiff. | ) )<br>) CASE NO: 2 : 26cv100<br>) |
| **VS.** | ) )<br>) |
| **ANIMAL CONTROL**<br>**GREENE COUNTY, TN**<br>Defendant, | )<br>)<br>)<br>) |
| **CHRIS CUTSHALL**<br>**DIRECTOR OF ANIMAL CONTROL**<br>Defendant,<br>*(in his official capacity and individual capacity)* | )<br>)<br>)<br>)<br> **42 U.S.C. 1983**<br> **COMPLAINT** |
| **CHANNING TAYLOR**<br>**ANIMAL CONTROL OFFICER**<br>Defendant,<br>*(in his official capacity and individual capacity)* | )<br>)<br>)<br>)<br>) |
| **WESLEY HOLT**<br>**SHERIFF OF GREENE COUNTY, TN**<br>*(in his official capacity and individual capacity)* | )<br>)<br>)<br>) |
| **COUNTY OF GREENE, TN**<br>Defendant, | )<br>)<br>) |
| **GREENEVILLE – GREENE COUNTY**<br>**HUMANE SOCIETY**<br>Defendant, | )<br>)<br>)<br>)<br>) |

**AMY BOWMAN**                                          )
**HUMANE SOCIETY EXECUTIVE DIRECTOR**                   )
Defendant,                                              )
*(in her official capacity and individual capacity)*   )
                                                        )
**JANET MEDCALF**                                       )
**HUMANE SOCIETY MANAGER**                              )
Defendant.                                              )
*(in her official capacity and individual capacity)*   )

## COMPLAINT 42 U.S.C. 1983

COMES NOW Plaintiff, Nancy Laughlin states the following for her

Complaint against the Defendants:

This is a civil action arising under 42 U.S.C. § 1983 and common law

avenues of recovery for deprivations of Plaintiff's rights against Defendants.

Plaintiff sues the Defendants in their individual capacity as well as their

official capacity.

## FACTUAL BACKGROUND

Animal control, as government agents, must abide by the Fourth

Amendment, meaning illegal seizure occurs if they take pets without a warrant,

owner consent, or emergency ("exigent") circumstances. Illegal seizures can be

challenged in court, as animals are legally considered property, and owners can seek their return.

Laughlin was taken into custody on November 1, 2022, shortly after submitting a complaint under the Americans with Disabilities Act (ADA) to the General Sessions Court.

At the time of her arrest and during Laughlin's subsequent release, both she and her advocate received information, both verbally and in writing, indicating that her six dogs were being housed at a local rescue facility owned by a county commissioner until Laughlin's release.

Animal control initially informed Laughlin that they had secured all six dogs; however, it was later revealed that they only had four in their possession.

Upon Laughlin's release, she reached out to Greene County Animal Control. Officer Channing informed her that four of her dogs had been surrendered to the Greeneville/Greene County Humane Society. Additionally, two dogs were left outside Laughlin's residence by Animal Control, without access to food, water, or shelter, despite the knowledge that Laughlin, who was in custody at the time, was their sole caretaker.

The Humane Society later updated Laughlin, informing her that the two male dogs had been rehomed, while the two female dogs were in the process of recovering from their spaying procedures, although they had already been spayed prior to this.

The Humane Society agreed to return the two female dogs to Laughlin without any associated fees or charges. However, they have declined to return the two male dogs and have chosen not to inform the adoptive parents about the error.

While Laughlin was in custody, several individuals reached out to both Animal Control and the Humane Society to request custody of her dogs on her behalf. All of these requests were unlawfully denied.

Laughlin requests the Court to issue an order for the return of her two male dogs, whom she considers her children and emotional support animals.

Pets are classified as the personal property of their owners. When an owner can demonstrate both ownership and possession, a court must issue an order for the return of the dogs.

A legal claim aimed at reclaiming personal property that has been unlawfully retained falls under Rule 64 of the Federal Rules of Civil Procedure.

This rule outlines the grounds on which the party initiating the action is justified in seeking the return of the property that has been wrongfully taken.

A tort occurs when an individual intentionally exerts control over another person's property in a way that violates the owner's rights, resulting in damage or loss.

Government officials are required to adhere to due process when seizing or retaining property. If they fail to provide adequate notice or an opportunity for the affected parties to present their case, this can lead to liability for wrongful seizure and or deprivation of property rights.

Emotional-support animals are typically not classified as service animals under the Americans with Disabilities Act (ADA). Nonetheless, in specific housing situations and welfare-related environments, laws mandating reasonable accommodations may be applicable. This discussion centers on the custody and return of Laughlin's animals, rather than on broader claims related to ADA provisions.

If animal control, the humane society and/or the rescue agencies accepted custody of Laughlin's dogs, they have a responsibility to provide adequate care, handle the animals properly, report accurately, and maintain clear communication.

Any misrepresentation or failure to disclose relevant information could lead to the return of animals, claims of restitution, damages and injunctive relief.

## RELIEF

Laughlin is the owner of the two male dogs and has the right to have them returned. Laughlin has provided evidence and claims asserting her ownership and rightful custody of all six dogs. If the authorities have taken possession of or transferred Laughlin's dogs, they cannot legally retain two of her dogs without a legitimate legal justification and without ensuring she receives due process.

The timeline shows a series of inaccuracies and miscommunications regarding the custody of the dogs. Initially, it was claimed that all six dogs were being held, but it was later clarified that only four were in Animal Control's custody. Furthermore, there was an early assertion about transferring all dogs to a local rescue, instead the dogs were handed over to the Humane Society who made the decision to rehome the two male dogs and spay the two females that were already spayed without notifying Laughlin. This sequence of events indicates wrongful withholding, mis-delivery, or conversion of Laughlin's property.

The male dogs were improperly rehomed, and their return constitutes the appropriate remedy.

If the two male dogs were Laughlin's property and were sold, given away, or otherwise placed with adoptive families without her consent or a lawful basis, the common-law remedy of replevin, to recover possession, would apply.

The failure to notify Laughlin or to obtain a court-authorized disposition despite knowing her ownership supports a claim for unlawful withholding or conversion of property.

The Humane Society's decision not to notify the adoptive parents about the error exacerbates the violation and reinforces the necessity for immediate corrective action.

The government actors' role and due-process concerns support equitable relief. If animal-control officers acted under authority of county or state law to seize or hold Laughlin's dogs, they owe duties of care and to provide accurate information. Repeated misrepresentations about the dogs' whereabouts and status constitutes improper seizure, mis delivery of property, and a failure to follow statutory procedures, giving rise to a right to injunctive relief and damages.

The fact that Laughlin's arrest occurred after she filed an ADA-related complaint could be relevant to a claim of retaliation or improper action, depending

on applicable statutes and constitutional protections. At a minimum, it underscores the need for clear, accurate records and prompt return of Laughlin's property.

The emotional significance and status of the dogs as emotional-support animals reinforces the urgency of return.

While emotional-support status does not automatically grant service-animal protections under the ADA, the owners' testimony about the animals' role in Laughlin's well-being, along with the fact that the dogs are referred to as "children" and emotional-support animals, highlight the harm and disruption caused by the loss of these animals and supports a strong argument for immediate return and limited, compensatory relief.

## PRAYER FOR RELIEF

A court order directing the immediate return of Laughlin's two male dogs, as she is the owner and rightful custodian.

An order requiring the animal-control and humane society agencies to produce documentation confirming the dogs' current status and to communicate with Laughlin and, if applicable, the adoptive parents, regarding the error and the dogs' return.

Damages or restitution for any costs, emotional distress, and harm caused by unlawful withholding, mis-delivery, or wrongful rehoming of Laughlin's dogs, to the extent permitted by law.

## CONCLUSION

Based on Laughlin's ownership of the dogs, the wrongful withholding and rehoming without proper notice or legal authorization, and the failure of the custodians to accurately disclose the dogs' status, the Court should grant relief returning the two male dogs to Laughlin and provide appropriate remedies for any resulting harm. The relief sought is consistent with protecting property rights, ensuring due process, and preventing further loss or misappropriation of Laughlin's possessions.

An award of costs and attorney's fees if warranted.

Respectfully submitted, this the **1st** day of **May**, **2026**.

**/S/Nancy Laughlin**
Date: May 1, 2026
E-Mail Address: Missglitter113@gmail.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served upon:

Animal Control
James "Jim" Eagle Animal Shelter
990 Hal Henard Road
Greeneville, TN 37743
United States Postal Service

Chris Cutshall
Director of Animal Control
990 Hal Henard Road
Greeneville, TN 37743
United States Postal Service

Channing Taylor
Animal Control Officer
1791 Jim Fox Road
Greeneville, TN 37743
United States Postal Service

Greeneville – Greene County Humane Society
400 North Rufe Taylor Road
Greeneville, TN 37745
United States Postal Service

Amy Bowman
Humane Society Executive Director
400 North Rufe Taylor Road
Greeneville, TN 37745
United States Postal Service

Janet Medcalf
Humane Society Manager
400 North Rufe Taylor Road
Greeneville, TN 37745
United States Postal Service

Sheriff Wesley Holt
116 E. Depot Street
Greeneville, TN 37743
United States Postal Service

County Attorney Roger A. Woolsey
204 N. Cutler Street
Suite 120
Greeneville, TN 37745
United States Postal Service

by placing a true and exact copy of the same in the United States Mail with sufficient postage thereon to carry the same to its destination and or hand delivering a true and exact copy.

Respectfully Submitted, this the **1st** day of **May**, **2026.**

**/S/Nancy Laughlin**
Date: May 1, 2026
E-Mail Address: Missglitter113@gmail.com